JULIUS COHEN

v.

WILLIAM SCHICK.

</div>

1. CONFLICTING TESTIMONY.—It is the province of the jury to judge as to the credibility of witnesses, and unless their finding is so manifestly against the weight of the evidence as to evince passion or prejudice, their verdict will not be set aside.

2. MODIFYING INSTRUCTIONS.—Parties have the right to require the court to give an instruction as asked, when it is in conformity with the law, and if in the opinion of the court the jury may be misled by such instruction, unless explained, it is the province of the court to give such further instructions as may obviate the danger of misapprehension; but it is error to add to an instruction upon one point of the case words directing the jury as to other branches of the case.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed April 27, 1880.

This was an action of assumpsit brought by appellee against appellant in the Superior Court of Cook county, to recover for moneys paid by appellee to take up certain promissory notes given by him for the accommodation of appellant, amounting in the aggregate to $850. Appellant pleaded the general issue, and also a plea of set-off, alleging that appellee was indebted to him on his promissory note in the sum of $500, and in the

further sum of $3,500, for fifty shares of certain mining stock. There was a verdict and judgment in the court below for the plaintiff for $936.51. The defendant brings the case here by appeal, and assigns various errors, among which are, that the verdict is contrary to the evidence, and that the court erred in modifying appellant's first instruction.

Mr. B. M. SHAFFNER, for appellant; that juries may not arbitrarily accept the testimony of one party and disregard that of the other, cited St. P. F. & M. Ins. Co. v. Johnson, 77 Ill. 598; Carney v. Tully, 74 Ill. 375.

Messrs. TENNEY & FLOWER, for appellee; that proceeding to trial without a replication, no objection being made, it will be considered as waived, cited Seavey v. Rogers, 69 Ill. 534; Strohm v. Hayes, 70 Ill. 41; Hopkins v. Woodward, 75 Ill. 62.

Placing a cause upon the trial calendar in violation of the rules of court, unless the party complaining has been injured, is no ground for reversal: Field v. C. D. & V. R. R. Co. 68 Ill. 367; Mix v. Chandler, 44 Ill. 174.

WILSON, J.   In respect to the claim that the verdict was contrary to the evidence, it is to be said that there was an unusual conflict of testimony, the contradiction of the witnesses being of such a nature as to necessarily involve the commission of perjury on the one side, or both perjury and forgery on the other.   While the preponderance of the evidence is apparently on the side of appellant, who, in addition to his own testimony, supported his defense by another witness, as well as by the production of a written receipt purporting to be signed by appellee, acknowledging payment in full of appellant's indebtedness; and on the other hand, appellant's case rested upon his own unsupported testimony; it was nevertheless a case in which the jury were better able to judge than we are as to the credence to be given to the respective witnesses, and to balance the probabilities accordingly.

If we had had the witnesses before us, and heard them testify, and thus had an opportunity to observe their appearance

and manner of testifying, we should be better qualified to form an opinion as to their credibility than we possibly can be by a mere perusal of their recorded testimony. It was the peculiar province of the jury to weigh the evidence, and in doing so to judge as to the credibility of the witnesses; and it is a familiar rule that unless their finding is so manifestly against the weight of the evidence as to evince passion, prejudice or partiality, their verdict will not be set aside.

We cannot say in the present case that the finding of the jury was so manifestly contrary to the evidence as to bring it within the rule, and if the case were to be determined upon the alleged error that the verdict was contrary to the evidence, we should see no sufficient ground for reversing the judgment.

The exception to the action of the court in modifying the defendant's first instruction, we think is well taken. The instruction as asked for, was as follows: "The jury are instructed that if they believe from the evidence that the defendant was indebted to plaintiff, and that subsequent to such indebtedness the defendant, either by himself or agent, gave the plaintiff fifty shares of stock in the Chicago and Missouri Lead Mining Company, and that the plaintiff accepted the same in settlement of such indebtedness, then the jury must find for the defendant."

To this instruction the court added as follows: "And in such case if the plaintiff owes the defendant on the $500 note produced by the defendant, then the verdict should be in his favor for the amount of such indebtedness; or if the plaintiff's claim has not been settled and he owes the defendant the $500 note, then the verdict should be for the plaintiff for the residue of his claim after deducting the amount due on the note. But if the plaintiff's claim has not been settled, and he does not owe the defendant on the $500 note produced by the defendant, then the verdict should be for the plaintiff for the amount of his claim. The amount of the plaintiff's claim is the sum of three notes produced by him, with interest from their date at the rate of six per cent. per annum."

The instruction, as asked, stated the law correctly and was

based upon and applicable to the facts of the case. It contained a single proposition which the defendant had the right to have announced to the jury, disencumbered from any other, and in the form in which it was asked. By adding to it other propositions, and laying down the law governing other branches of the case, it was liable to divert the minds of the jury from the particular point to which the defendant sought to have their attention directed, and to thereby deprive him of the full benefit of the instruction. He asked the court to tell the jury that if they believed from the evidence he had given the plaintiff fifty shares of stock, and that the plaintiff had accepted the same in full settlement of the indebtedness for which the suit was brought, they must find for the defendant. This was undoubtedly a correct exposition of the law, and needed no qualifying words to guard the jury against misapprehension. In the case of The State of Illinois v. Wilson, 2 Scam. 225, C. J. Wilson in delivering the opinion of the court, said "The instruction asked for was in exact conformity with the law, and ought to have been given as asked. Counsel have a right to require of the court to give an instruction as asked, when the same is in conformity with the law ; and if in the opinion of the court, the jury may not fully comprehend, or may be misled by such instruction, unless explained, it is then the province of the court to give such additional instructions or explanations as may obviate the danger of misapprehension on the part of the jury." In the present case the clauses added to the instruction by the court were not added to explain or qualify the language, or meaning of the instruction as asked; no explanation or qualification was required, or was possible, but the added words were solely for directing the jury as to other branches of the case, and should have been embraced in separate instructions.

For the error of the court in modifying appellant's first instruction, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.